**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4806

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHANNON JARRELL BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:05-cr-00082)

Submitted: February 21, 2007          Decided: April 6, 2007

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Randy V. Cargill, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Ronald Andrew Bassford, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Jarrell Brown entered a conditional plea of guilty to one count of possession with intent to distribute cocaine and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000). The district court sentenced Brown to a total of 240 months' imprisonment. We find no error and affirm Brown's convictions and sentence.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but questioning whether the district court erred in denying Brown's motion to suppress. In his pro se supplemental brief, Brown joins his counsel's argument regarding the motion to suppress. Additionally, Brown contends his counsel provided ineffective assistance by "allowing" him to plead guilty to charges that were not supported by sufficient evidence. The Government elected not to file a responsive brief.

Brown initially contends the district court erred in denying his motion to suppress. We review the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing

party below. <u>United States v. Seidman</u>, 156 F.3d 542, 547 (4th Cir. 1998).

Law enforcement discovered Brown passed out in his vehicle in the middle of an intersection. After noting "a strong odor of alcoholic beverage coming from [Brown's] vehicle," the initial responding officer performed a field sobriety test on Brown. This resulted in Brown's arrest for driving under the influence and for being an habitual offender. A search of the interior passenger compartment of Brown's vehicle was performed incident to his arrest. The search rendered a set of digital scales. Additionally, the officer performing the search noted the smell of unburned marijuana emanating from a partial opening between the trunk and back seat area. The officer subsequently investigated the trunk and discovered marijuana, a firearm, cocaine, and Brown's wallet.

Brown concedes in his pro se supplemental brief that the search of the interior passenger compartment of his vehicle, which rendered the set of digital scales, was proper. <u>See</u> <u>New York v. Belton</u>, 453 U.S. 454, 460-61 (1981) (passenger compartment of vehicle and containers therein may be searched without warrant and without further showing of probable cause when individual is lawfully arrested in or near vehicle). However, Brown argues the search of his trunk was improper because he was "drunk and under the safe custody" of law enforcement officers. Because "he was

going nowhere and neither was his car," he concludes officers should have been required to secure a warrant prior to searching the trunk of his vehicle. Additionally, Brown argues that the officer lacked probable cause for the search as the officer's testimony that he could detect the smell of unburned marijuana was incredible.

A warrantless search of an automobile is lawful if there is probable cause to believe that it contains evidence of a crime. See Chambers v. Maroney, 399 U.S. 42, 48-52 (1970). Moreover, "a search warrant [is] unnecessary where there is probable cause to search an automobile stopped on [a public road]; the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. Hence an immediate search is constitutionally permissible." Id. at 51. As the officer had probable cause to search the trunk of Brown's vehicle, and the vehicle was located on a public road and thus a fleeting target for a search, we conclude the warrantless search did not violate the Fourth Amendment. Though Brown asserts the testimony of the officer performing the search was incredible, it is not the province of this court to second-guess the credibility determinations of the factfinder. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Therefore, under these circumstances, the district court did not err in its denial of Brown's motion to suppress.

Brown also contends that his counsel provided ineffective assistance by "allowing" him to plead guilty despite a lack of evidence to support the plea. An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction petition under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)). Because the record does not conclusively establish that Brown's counsel was ineffective, Brown's claim is not cognizable on appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly we affirm Brown's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

- 5 -

materials before the court and argument would not aid the decisional process.

AFFIRMED